UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.:

MICK CHILI,

    Plaintiff,

v.

R. C. MILLER BUILDERS, INC.

A Florida Profit Corporation

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MICK CHILI ("CHILI" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, R. C. MILLER BUILDERS, INC, a Florida Profit Corporation ('MILLER" or "Defendant") and states as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA"), to recover from Defendant unpaid overtime compensation, liquidated damages reasonable attorneys' fees and costs, and any other damages permitted by law.

2. Plaintiff was an employee who performed services on behalf of Defendant in Monroe County, Florida.

3. Defendant is a Florida Profit Corporation located in Monroe County, Florida and which at all times relevant, performed work in Monroe County, Florida.

4. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Monroe County, Florida.

## FLSA COVERAGE

5. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

7. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

10. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as air conditioning equipment and tools.

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without air conditioner service technicians like Plaintiff.

## STATEMENT OF FACTS

14. Defendant, R. C. MILLER BUILDERS, INC, operates a construction and contracting business.

15. Plaintiff worked as a non-exempt painter for Defendant from around July 2015, until December 14, 2019.

16. Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

17. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

18. Plaintiff was not exempt from overtime under the FLSA and should have been paid his full and proper overtime compensation.

19. Throughout Plaintiff's employment, he regularly worked in excess of forty (40) hours per week but was not paid time-and-a-half for all hours worked per week in excess of forty (40).

20. Plaintiff had no authority to hire or fire employees of MILLER.

21. Plaintiff had no authority to discipline employees of MILLER.

22. Plaintiff had no authority to determine the schedules to be worked by any employees of MILLER, or to change their schedules.

23. Plaintiff had no authority to set rates of pay for other employees or agents of MILLER.

24. Plaintiff had no input into performance reviews of other employees or agents of MILLER.

25. Plaintiff was always closely monitored by MILLER's managers and supervisors.

26. Plaintiff followed procedures established by MILLER and did exactly as he was instructed to do.

27. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

28. Plaintiff regularly worked between fifty-five (55) and seventy (70) or more hours per workweek for Defendant.

29. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

30. When Plaintiff worked more than forty (40) hours in each work week, Defendant failed to properly pay him for all overtime hours worked.

31. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

32. On or around December 14, 2019, Plaintiff resigned and ended his employment with Defendant.

33. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

34. Defendant violated Title 29 U.S.C. §207 in that:

   (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant.

(b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

35. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

36. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

38. Based on the allegations above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices followed in compliance with the FLSA.

39. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

40. Plaintiff reincorporates and re-alleges paragraphs 1 through 39, above, as though fully set forth herein, and further alleges as follows:

41. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

42. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

43. Plaintiff was not an exempt employee as defined by the FLSA, regardless of Defendant's subjective beliefs or misclassification.

44. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

45. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c.    Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Award Plaintiff pre-judgment interest; and

    f.    Order any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 11th day of May 2020.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*